UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LEO J. McHUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV-07-160-B-W |
| | ) |
| BRINK'S, INCORPORATED, | ) |
| | ) |
| Defendant. | ) |

**ORDER AFFIRMING THE
RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

The United States Magistrate Judge filed with the Court on August 12, 2008 her Recommended Decision (Docket # 42) (*Rec. Dec.*). The Plaintiff Leo J. McHugh filed his objection to the Recommended Decision on September 3, 2008 (Docket # 45) (*Pl.'s Obj.*) and the Defendant Brink's, Incorporated filed its response on September 22, 2008 (Docket # 46). The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; the Court has made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and, it concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision, and determines that no further proceeding is necessary.

**I.    DISCUSSION**

In her Recommended Decision, the Magistrate Judge concluded that Mr. McHugh failed to make out a prima facie case of either disability discrimination or whistleblower retaliation because the summary judgment record did not support an inference that his disability or whistleblower activity caused Brink's to deny his reinstatement. *Rec. Dec.* at 21. As to the

disability discrimination claim, Plaintiff contests the Magistrate Judge's conclusion that he failed to adduce evidence of disparate treatment, citing the reinstatement of Clint Brown to his messenger position following his return from a National Guard deployment to Iraq. *Pl.'s Obj.* at 2. Based on the record before it, however, the Court cannot conclude that Mr. Brown, a Brink's messenger who took a military leave, and Mr. McHugh, a Brink's driver who took an extended medical leave, were similarly situated. *See Estate of Bennett v. Wainwright*, 548 F.3d 155, 166 (1st Cir. 2008) ("A similarly situated person is one that is roughly equivalent to the plaintiff in all relevant respects" (quotation omitted)); *Dartmouth Review v. Dartmouth Coll.*, 889 F.2d 13, 19 (1st Cir. 1989) ("The test is whether a prudent person, looking objectively at the incidents, would think them roughly equivalent and the protagonists similarly situated."). Accordingly, Brink's handling of the two employees fails to allow an inference of animus, and, in the absence of other evidence of causation, invites summary judgment. *See Dudley v. Augusta Sch. Dep't*, 23 F. Supp. 2d 85, 94 (D. Me. 1998) (granting summary judgment in a disability discrimination suit where the plaintiff presented no evidence indicating similarly situated employees were treated differently than the plaintiff).

Nor does Mr. McHugh explain how Brink's decision to contest his application for unemployment benefits "raises a strong inference of discriminatory animus" in the prior decision not to reinstate Mr. McHugh. *Pl.'s Obj.* at 6. A conclusory statement that it does so, without any support, does not suffice. *See Azimi v. Jordan's Meats, Inc.*, 456 F.3d 228, 241 (1st Cir. 2006) (stating that "[e]ven in employment discrimination cases . . ., summary judgment is appropriate if the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation" (quotation omitted)). Brink's failure to notify Plaintiff about positions that opened up subsequent to September 2005 fares no better. First, as the

Magistrate Judge noted, there is no evidence Mr. McHugh desired employment at Brink's after the denial of his reinstatement. Second, none of the positions was for drivers, the job Mr. McHugh had held. Third, the subsequent hires occurred after a new manager took over responsibility for the Bangor branch. Fourth, the hires occurred in February and March 2006, over four months after the decision not to reinstate Mr. McHugh in September 2005.

Plaintiff's other efforts to establish an inference of causation, both as to the discrimination and the whistleblower claim, similarly fail, for the reasons set forth in the Recommended Decision.

## II.     CONCLUSION

It is therefore ORDERED that the Recommended Decision of the Magistrate Judge (Docket # 42) is hereby AFFIRMED. It is further ORDERED that Brink's, Incorporated's Motion for Summary Judgment (Docket # 21) is hereby GRANTED.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 26th day of February, 2009